IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,859-01






EX PARTE KENNETH DUANE BALENTINE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 57,111-B IN THE 181ST DISTRICT COURT


FROM POTTER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). A jury convicted Applicant
of murder, and the trial court sentenced him to twenty-five years' imprisonment. The
conviction and sentence were affirmed on direct appeal in an unpublished opinion. Balentine
v. State, No. 07-10-00070-CR (Tex. App. -- Amarillo del. Apr. 8, 2011). There was no
Petition for Discretionary Review.

 In this writ application, Applicant, through habeas counsel, raises several claims
alleging trial counsel provided ineffective assistance. Applicant argues trial counsel: failed
to investigate and adequately advise him regarding the case or to inform him of the evidence
in the State's possession, including photos of the crime scene, preventing him from being
able to properly assess the strength of the State's case and its plea offers; failed to contact the
witnesses Applicant told counsel about; failed to timely inform Applicant of a 15-year plea
offer for manslaughter; failed to advise Applicant regarding parole eligibility so Applicant
could consider the State's plea offers in the proper context; failed to request a limiting
instruction regarding damaging testimony given by Applicant's son; improperly believed
Applicant was eligible for probation if convicted of murder, which prevented Applicant from
making informed decisions about his case; and failed to advance a sudden passion argument
to the court at punishment. These claims are cognizable on habeas review and are evaluated
according to the standards set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).
But without an affidavit from trial counsel responding to Applicant's assertions and
explaining applicable trial strategy, it is difficult to assess Applicant's claims.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. at 668; Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall obtain an affidavit from Applicant's trial counsel
responding to Applicant's claims of ineffective assistance. In addition to obtaining this
affidavit, the trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d) to resolve factual issues in dispute. In the appropriate case, the trial court may rely on
its personal recollection. Id. If the trial court elects to hold a hearing and if Applicant is not
represented by counsel, the trial court shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint
an attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of
Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact, shall be returned to this Court within 120 days of the date of
this order. Any extensions of time shall be obtained from this Court. 



Filed: January 11, 2012

Do not publish